**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

LYNDA LEE BROOKS,

    Plaintiff,

-vs-

LEXISNEXIS RISK SOLUTIONS
INC.,

    Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, LYNDA LEE BROOKS (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Consumer reporting agencies that create consumer reports, like LexisNexis, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to

1

simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3.      When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.      Venue is proper in this District as LexisNexis's principal address is in this District; the violations described in this Complaint occurred in this District; and LexisNexis transacts business within this District.

8. Plaintiff is a natural person and resident of Robeson County in the State of North Carolina. She is a "consumer" as defined by the FCRA.

9. LexisNexis is a corporation headquartered at 1000 Alderman Drive in Alpharetta, Georgia 30005.

10. LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. LexisNexis is one of the largest credit reporting agencies in the United States today.

13. In or about October 2024, Plaintiff received a phone call from non-party, Geico, seeking to collect an alleged debt relating to an auto insurance policy in New Jersey. Plaintiff advised she did not have a policy with Geico and requested a copy of the policy.

14. Plaintiff does not have auto insurance through Geico, and Plaintiff, for at least three (3) years, has obtained auto insurance through non-party, Progressive, and lives in North Carolina.

15. Shortly thereafter, Plaintiff received a Declarations Page for a Geico policy ending in x4429, which included her name but an address in New Jersey and email address which did not belong to her, and was effective from May 15, 2024, through November 15, 2024.

16. On or about October 23, 2024, Plaintiff requested a copy of her LexisNexis report online.

17. On or about November 15, 2024, Plaintiff received a response from LexisNexis which acknowledged receipt of Plaintiff's request but stated it needed additional proof of identification.

18. On or about November 27, 2024, Plaintiff submitted another request for a copy of her LexisNexis report with an image of her driver's license.

19. From on or about December 1, 2024, through January 26, 2025, Plaintiff contacted LexisNexis multiple times for the status of her request but did not receive a copy of her LexisNexis report.

20. On or about January 27, 2025, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 182858105. In this report, she explained that she was a victim of identity theft and that the Geico policy did not belong to her.

21. On or about January 27, 2025, Plaintiff mailed a detailed dispute letter to Lexis. In the letter, Plaintiff requested a copy of her LexisNexis report. Further, Plaintiff advised that she had used Progressive for at least the past three (3) years, and if they were reporting a Geico policy number ending in x4429, it did not belong to her and

needed to be removed. In the letter, Plaintiff included an image of her driver's license as proof of identity. Further, Plaintiff provided images of the erroneous Geico Declarations Page, and images of her filed FTC Identity Theft Report.

22.    Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 7022 2410 0000 8078 7370.

23.    On or about February 7, 2025, Plaintiff received a copy of her LexisNexis report. Upon review, Plaintiff observed the Geico policy, ending in x4429, was not reporting. However, Plaintiff observed another Geico policy number ending in x8990 was reporting with the same effective dates from May 15, 2024, through November 15, 2024, and located in New Jersey.

24.    On or about April 10, 2025, Plaintiff mailed another detailed dispute to LexisNexis regarding the inaccurate reporting. In the letter, Plaintiff again requested a copy of her LexisNexis report. Further, Plaintiff reiterated that she had used Progressive for at least the past three (3) years, and that the Geico policy, ending in x8990, did not belong to her. In the letter, Plaintiff included an image of her driver's license as proof of identity. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

25.    Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9589 0710 5270 2118 6998 69.

26.    On or about June 9, 2025, Plaintiff contacted LexisNexis and spoke with a representative of LexisNexis who advised the erroneous Geico policy, ending in x8990, was removed.

27.    LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

28.    As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis's reluctance to fix the errors; and

    iv.    Apprehensiveness to apply for auto insurance due to LexisNexis's errors.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

6

29.    Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30.    LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

31.    LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

32.    Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information.  LexisNexis failed to have policies and procedures to avoid misreporting auto insurance records.

33.    Upon information and belief, LexisNexis is aware that it has misrepresented driving records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

34.    Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

35.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional

pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

36.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

37.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, LYNDA LEE BROOKS, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, LexisNexis Risk Solutions Inc.  (Willful)**

38.    Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

39.    LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

40.     LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

41.     Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information.  LexisNexis failed to have policies and procedures to avoid misreporting auto insurance records.

42.     Upon information and belief, LexisNexis is aware that it has misrepresented driving records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

43.     Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

44.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

45.     The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

46.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, LYNDA LEE BROOKS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LYNDA LEE BROOKS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 10th day of June 2025.

Respectfully submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537

10

Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*